[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff V M Food Distributors brings this action to collect from the defendant, personally, for supplies provided to three restaurants: Serafino's Pizza Restaurant, Terzis Restaurant and Villa Terzi, Inc.
The defendant managed all three restaurants. He ordered supplies from the plaintiff for those restaurants and would make payments for or towards those purchases.
The plaintiff is a family corporation with Vasilios Haralambous and his wife, Lina Haralambous, the principal stockholders and officers. The defendant claims that the three restaurants named were managed by him, that all three were corporations and that he is not personally responsible for these corporate debts.
The plaintiff admits that he knew that the Villa Terzi was a corporation since it was part of the restaurant's name. However, he contends that the defendant personally promised to be responsible for these Villa Terzi debts when the plaintiff threatened to stop making deliveries. The defendant denies making such a promise.
As to the other two restaurants, Serafino's and Terzis, the plaintiff denies that he knew they were corporations. He points out that the original person he dealt with regarding supplies to Serafino's Pizza Restaurant, George Statoulas, informed him, that the defendant Terzis, was now the owner and would be the person with whom he should deal. From that time the plaintiff did receive orders and payments from the defendant regarding Serafino Pizza and Restaurant.
Subsequently, the defendant, requested that he wanted plaintiff to also deliver supplies to his restaurant, Terzis Restaurant. This restaurant also became a regular customer of the plaintiff's with the defendant placing the orders for delivery by the plaintiff. Later the defendant informed the plaintiff CT Page 9373 that he was opening the Villa Terzi, Inc. and requested deliveries of supplies there also.
The parties, plaintiff as supplier to the three restaurants of orders placed by the defendant, continued this business relationship until August 16, 1991, when the plaintiff informed the defendant that deliveries would be made only on a C.O.D. basis. This requirement was never strictly adhered to by the plaintiff. Deliveries were subsequently made without payment or with only partial payment by the defendant.
Plaintiff claims that it is presently owed for supplies delivered and not paid for the following amounts:
 Serafino's Pizza Restaurant $24,640.48 Terzis Restaurant 20,063.48 Villa Terzi, Inc. 10,482.43
The total amount due $55,186.39 Plus interest at 1.5% per month. Plus attorney's fees.
The defendant claims first that he, personally, is not responsible for any of the debts claimed by the plaintiff. That each of the restaurants was a separate corporation and that the plaintiff was aware of this.
Secondly, the defendant argues that the amount claimed by the plaintiff is overstated. That the amount due is about $8,000.00 from Serafino's Restaurant; about $10,000.00 from Terzis Restaurant; and, about $2,000.00 to $3,000.00 from Villa Terzi. The total due being between $20,000.00 and $21,000.00.
The defendant further claims that weekly he would pay in cash to the plaintiff toward the account. That these cash payments reduced the balance due to the amounts he estimated above.
The court, after hearing evidence, examining the exhibits and applying the applicable law, finds that the plaintiff corporation provided supplies to the three restaurants: Serafino's Pizza and Restaurant, Terzis Restaurant and Villa Terzi, Inc. That these supplies were provided at the order of the defendant. That there is outstanding and unpaid invoices for supplies in the total sums of: CT Page 9374
 Serafino's Pizza Restaurant $24,640.48 Terzis Restaurant 20,063.48 Villa Terzi, Inc. 10,482.43
The court further finds that the plaintiff was aware that the Villa Terzi, Inc. was incorporated; that, the defendant did not assume its liabilities to the plaintiff.
The court also finds that the Serafino's Pizza Restaurant, as well as the Terzi Restaurant may have been incorporated. That the plaintiff had no knowledge of this. That he dealt with the defendant in his individual and personal capacity, and with the understanding that the defendant was personally responsible for debts of these two restaurants.
Therefore, it is the judgment of this court that the defendant, Antonios Terzis, pay to the plaintiff, V M Food Distributors, Inc. the following sums:
Amount due as to Serafino's Pizza and Restaurant, $24,640.48. Amount due as to Terzi Restaurant, $20,063.48. Together with interest at the rate of 1.5% per month for unpaid amounts due over fifteen days. Further, that the defendant pay attorney fees of 15% of the total amount of the judgment.
JULIUS J. KREMSKI STATE TRIAL REFEREE